IN THE UNITED STATES DISTRICT COURT
OR THE DISTRICT OF DELAWARE

JERMAINE WATSON,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　:　　Civ. No. 14-926-LPS
　　　　　　　　　　　　　　　　　　　　　　　:
MISTY LITTLE and JAMES WELCH,　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendants.　　　　　　　　　　:

**MEMORANDUM**

**I.　BACKGROUND**

Plaintiff Jermaine Watson ("Plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed a motion for injunctive relief on December 24, 2014, seeking medical care and a request for a counsel. (D.I. 11, 12) On March 13, 2015, the Court ordered the warden to respond to the motion. The motion is opposed. (D.I 21, 22)

**II.　MOTION FOR INJUNCTIVE RELIEF**

　　**A.　Legal Standards**

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (stating temporary restraining order continued beyond time permissible under Rule 65 must be treated as preliminary injunction, and must conform to standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of

prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. July 31, 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

### B.  Discussion

Plaintiff seeks an immediate transfer to an outside medical facility to remove a colostomy bag that he alleges should have been removed two years ago. He also seeks access to proper hygienic medical and cleaning supplies until the transfer occurs. Plaintiff explains that he suffered gunshot wounds on April 15, 2012, the treatment for which resulted in a colostomy bag. The colostomy bag was to have been removed in six to nine months.

Warden Pierce responds that Plaintiff's medical records were reviewed by Dr. Carr, who concurs with the medical provider that a reversal of the colostomy is not advisable at this time as it would be fraught with risk and not advisable. The Court is further advised that Plaintiff's condition continues to be monitored and he receives the necessary equipment to care for his condition. In addition, medical records provided to the Court do not indicate or recommend reversal of Plaintiff's colostomy. The Court is also advised that the medical treatment provided has responded to Plaintiff's request for additional supplies and issues related to those supplies.

The Court finds that Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the motion will be denied.

### III.  REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he does not have the ability to present his case, he is unskilled in the law, the issues are complex, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot attain and afford counsel on his own behalf, counsel would serve the best interest of justice, and his allegations, if proved, would establish a constitutional

2

violation. (D.I. 12) Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel, including that, to date, his filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue at a later date should counsel become necessary.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) -- now § 1915(e)(1) -- does not authorize federal court to require unwilling attorney to represent indigent civil litigant, operative word in statute being "request").

## IV. CONCLUSION

For the above reasons, the Court will deny the motion for a preliminary injunction (D.I.11) and will deny the request for counsel (D.I. 12) without prejudice to renew.

An appropriate Order follows.

_____
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2015