IN THE UNITED STATES DISTRICT COURT
OR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE WATSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 14-926-LPS |
| MISTY LITTLE and JAMES WELCH, | : |
| Defendants. | : |

**MEMORANDUM**

## I. BACKGROUND

Plaintiff Jermaine Watson ("Plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed a motion for summary judgment and to grant TRO and injunctive relief on April 1, 2015. (D.I. 23) The Court construes the motion as a motion for injunctive relief. Plaintiff has also moved to amend the complaint to add two new defendants. (D.I. 35)

## II. MOTION FOR INJUNCTIVE RELIEF

### A. Legal Standards

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (temporary restraining order continued beyond time permissible under Rule 65 must be treated as preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in

1

the prison context must be viewed with considerable caution. *See Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. July 31, 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

### B. Discussion

The instant motion seeks the same or similar relief as that sought by Plaintiff at Docket Item 11 ("first motion for injunctive relief"). The Court denied Plaintiff's first motion for injunctive relief on August 3, 2015, following a finding that Plaintiff had not demonstrated the likelihood of success on the merits nor demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Nothing has changed since the issuance of the Court's August 3, 2015, Order. Therefore, the motion will be denied.

## III. MOTION TO AMEND

The Complaint names two defendants, Misty Little ("Little") and James Welch ("Welch"). The United States Marshals Service unsuccessfully sought to serve Defendants. Neither defendant returned the waiver of service of summons. (*See* D.I. 27, 28) On August 3, 2015, the Court entered a supplemental service order and for Plaintiff to request issuance of summonses for all defendants who failed to return the waiver of service of summons and to provide the Court with complete USM-285 forms and service copies of the complaint. Plaintiff was warned that his failure to provide the required documents within thirty days from the date of the order would result in dismissal of the case.

Plaintiff did not request issuance of summonses for Little and Welch and did not submit USM-285 forms for either defendant.[1] Instead, he filed a letter/motion to amend to name two new defendants: Vincent Carr ("Carr") and Marc Richman ("Richman"). The letter states, "I've found the right people to sue in my lawsuit from the law library here at JTVCC . . . who are the right names for my lawsuit." (D.I. 35) Plaintiff also submitted USM-285 forms for Carr and Richman.

---

[1] On September 10, 2015, the Clerk of Court advised Plaintiff of his failure to submit USM-285 forms for Little and Welch and asked Plaintiff to submit the forms. (D.I. 36) To, date, the forms have not been received.

2

The Court will dismiss Defendants Little and Welch based upon Plaintiff's failure to comply with the Court's August 3, 2015 order and for failure to timely serve them pursuant to Fed. R. Civ. P. 4(m). In addition, the Court will deny Plaintiff's motion to amend, for the following reasons.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires. The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993).

Plaintiff proposes to add Carr and Richman as defendants because "they are the right people to sue." Plaintiff did not submit a proposed amended complaint and failed to comply with the Local Rules of this Court. Pursuant to D. Del. LR 15.1(b) when seeking to amend, the proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Nor has Plaintiff provided facts for the Court to review to determine if amendment is proper. Therefore, the Court will deny without prejudice the motion for leave to amend. The Court will consider a renewed motion to amend upon Plaintiff's compliance with the Local Rules of this Court.

## IV. CONCLUSION

For the above reasons, the Court will deny the motion for injunctive relief (D.I. 23), will dismiss Defendants Little and Welch pursuant to Fed. R. Civ. P. 4(m), and will deny without prejudice to renew the

3

motion to amend the complaint (D.I. 35).

An appropriate Order follows.

_____
UNITED STATES DISTRICT JUDGE

Dated: March 11, 2016.

4